IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LORENA ALARCON ALARCON, | |
| Petitioner, | **4:26CV3046** |
| vs. | |
| | **ORDER TO SHOW CAUSE** |
| KRISTI NOEM, in their official capacity as Secretary of the United States Department of Homeland Security; PAMELA BONDI, in their official capacity as Attorney General of the United States; TODD M. LYONS, in their official capacity as Acting Director of the United States Immigration and Customs Enforcement; DAVID EASTERWOOD, in their official capacity as Acting St. Paul Field Office Director for Enforcement and Removal Operations, United States Immigration and Customs Enforcement; and JEROME J. KRAMER, in their official capacity as Lincoln County Sheriff, Official of Lincoln County Detention Center; | |
| Respondents. | |

This matter is before the Court on Petitioner Lorena Alarcon Alarcon's (Alarcon Alarcon) Verified Petition for Writ of Habeas Corpus. (Filing No. 1).

Alarcon Alarcon is a Mexican citizen who has lived in the United States since 2000. (Filing No. 1 at 4-5). In December 2025, U.S. Immigrations and Customs Enforcement (ICE) agents interviewed her at the Platte County Jail following her arrest on a misdemeanor domestic violence assault charge. (Filing No. 1 at 7). ICE detained and placed Alarcon Alarcon in removal proceedings around one week later. (Filing No. 1 at 2). An immigration judge denied her request

to be released on bond during the pendency of removal proceedings because of the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (Filing No. 1-4). Alarcon Alarcon remains in custody at the Lincoln County Detention Center in North Platte, Nebraska. (Filing No. 1 at 3).

Alarcon Alarcon alleges her detention is unlawful. She seeks immediate release or, alternatively, an order directing Respondents to provide her with a bond hearing within seven days. (Filing No. 1 at 25). The habeas statute provides that a court must grant the petition for a writ or order Respondents to "show cause why the writ should not be granted unless it appears from the application that [Alarcon Alarcon] is not entitled" to relief. 28 U.S.C. § 2243. The order to show cause must be "directed to the person having custody of [Alarcon Alarcon]." *Id.* The order must "be returned within three days" unless "good cause for additional time, not to exceed twenty days, is allowed." *Id.* Moreover, the person to whom the order is directed "shall make a return certifying the true cause of [Alarcon Alarcon's] detention." *Id.*

The Court cannot say from the face of the petition that Alarcon Alarcon is not entitled to relief. Accordingly, the Court orders Alarcon Alarcon to serve her petition and a copy of this Order on Respondents and file proof of service with the Court. Respondents shall then show cause why the writ should not be granted. After Alarcon Alarcon replies, the Court will set a hearing on the matter. The Court finds the need to serve Respondents and the complexity of the legal issues constitute good cause for the briefing schedule to the extent it allows a response beyond the three days ordinarily allowed under 28 U.S.C. § 2243.

Further, the Court finds cause to preserve the status quo and the Court's jurisdiction by ordering that Alarcon Alarcon may not be removed from the United States or the District of Nebraska until further order of this Court. *See* 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while adjudicating the merits). Accordingly,

**IT IS ORDERED:**

1. Petitioner Lorena Alarcon Alarcon shall serve her Petition for Writ of Habeas Corpus (Filing No. 1) and a copy of this Order on Respondents as soon as is practicable, and file proof of such service with the Court.

2. Respondents shall, within three business days of being served, make a return certifying the true cause of the petitioner's detention and showing cause why the writ should not be granted.

3. Petitioner shall reply in support of her petition within three business days of the Respondents' return.

4. The Court will then set a prompt hearing on this matter.

5. Respondents shall not remove Petitioner from the United States or the District of Nebraska until further order of the Court.

Dated this 17th day of February, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge

3